Abraham N. Geller, J.
The letters of defendant’s attorney dated March 24,1964 and March 30,1964 and the proposed order to show cause with affidavit annexed constitute an application for reargument and the letter of plaintiffs’ attorneys dated March 25, 1964 is treated as the response thereto. Reargument is requested principally on the basis of two decisions rendered by the Supreme Court of the United States on March 9, 1964 (Sears, Roebuck & Co. v. Stiff el Co., 376 U. S-. 225; Compco Corp. v. Day-Brite Lighting, 376 U. S. 234). The court has reviewed the matter in the light of these new decisions and adheres to its original determination.
In these unfair competition “copying” cases the Supreme Court held that when an article is unprotected by a patent or a copyright, State law may not forbid others to copy that article. But it was pointed out that State law, statutory or decisional, may in appropriate circumstances grant relief where deceptive or fraudulent practices are shown, such as in palming off one’s goods as those of-another or in labeling of goods.
It is equally clear that the right of an author or proprietor of an unpublished work to common-law protection and the application of State law of unfair competition in that field remains unaffected by these decisions or the principles set forth in these opinions.
Federal law (U. S. Code, tit. 17, § 2) explicitly states that nothing in the copyright law “ shall be construed to annul or limit the right of the author or proprietor of an unpublished work, at common law or in equity, to prevent the copying, publication, *727 or use of such unpublished work without his consent, and to obtain damages therefor.”
Cases previously cited in the opinion herein on this motion establish that the well-settled rule is that public performance of a work, such as delivery of a speech, singing of a song, or reading of a script, whether given in public or over the radio or television, is not such a general publication as constitutes a dedication to the public or places it in the public domain, with consequent loss of copyright (note, particularly, King v. Mister Maestro, 224 F. Supp. 101, 105-108). A public performance in and of itself does not deprive an unpublished work from the protection accorded at common law and recognized by the Federal copyright law.
Actually, what was here done was not the copying of some article or goods made and sold by another but rather the appropriation of the very product itself, taking in effect the original and incorporating it in the record. Since no attempt had been made by the author or proprietor to publish it, they were entitled to enjoin others from publishing it and to obtain damages therefor.